United States District Court

Eastern District of California

Herbert Owens,

     Plaintiff,                  No. Civ. S 01-0127 FCD PAN P

  vs.                             Findings and Recommendations

Suzan Hubbard, et al.,

     Defendants.

-oOo-

Plaintiff is a state prisoner without counsel prosecuting a civil rights action against prison officials.

The action commenced as a petition for habeas corpus, which the court summarily dismissed.  The court of appeals remanded for consideration as a civil rights action.

Plaintiff alleges while he was at Mule Creek State Prison he was cited for trafficking in drugs.  (On appeal the charge was changed to conspiracy to introduce narcotics into the prison.) He was found guilty on evidence later found insufficient because the

1 confidential informant never before gave reliable information,
2 part of the information was contradicted by visitation records
3 and the hearing officer did not independently assess the
4 confidential informant's reliability.  Plaintiff was transferred
5 to California State Prison--Sacramento (SAC), where he was
6 approved to receive family visiting but then was transferred to
7 California State Prison--Solano (Solano) where visits were
8 denied.  Plaintiff alleges defendants retaliated against him for
9 exercising his First Amendment rights; violated his Eighth
10 Amendment right to be free from cruel and unusual punishment;
11 violated plaintiff's Fourteenth Amendment due process guarantee;
12 and violated the Ex Post Facto Clause of the United States
13 Constitution.

14     The court approved service of process upon defendants
15 Rothchild, Robinson, Campbell, Hubbard, Page, Newland, Butler,
16 Jensen, Melching and Nakagawa.  Claims against Campbell were
17 dismissed October 20, 2004.  Nakagawa has not appeared.

18     The other defendants moved January 3, 2005, for summary
19 judgment and plaintiff has not opposed.

20     December 17, 2003, the court advised plaintiff of the
21 requirements for opposing a motion pursuant to Rule 56 of the
22 Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d
23 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035
24 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

25     A party may move, without or without supporting affidavits,
26 for a summary judgment and the judgment sought shall be rendered

forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the opposing party. <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242 (1986).  A fact is "material" if it affects the right to recover under applicable substantive law.  <u>Id</u>.  The moving party must submit evidence that establishes the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 322 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact.  <u>Id</u>. at 323.  If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there

is a genuine issue for trial.'" Id. at 324. The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corporation, 475 U.S. 574, 588 (1986). When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment. Id. at 587.

Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Celotex, 477 U.S. at 324. Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial. Id., at 327. Thus, in Fraser v. Goodale, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit. Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995);

4

1  McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987).  A verified
2  motion based on personal knowledge in opposition to a summary
3  judgment motion setting forth facts that would be admissible in
4  evidence also functions as an affidavit.  Johnson v. Meltzer, 134
5  F.,3d 1393 (9th Cir. 1998); Jones v. Blanas, 393 F.3d 918 (9th
6  Cir. 2004).

7      Defects in opposing affidavits may be waived if no motion to
8  strike or other objection is made.  Scharf v. United States
9  Attorney General, 597 F.2d 1240 (9th Cir. 1979) (incompetent
10 medical evidence).

11     Defendants are entitled to summary judgment on plaintiff's
12 retaliation claim.  "Within the prison context, a viable claim of
13 First Amendment retaliation entails five elements: (1) An
14 assertion that a state actor took some adverse action against a
15 prisoner (2) because of (3) that prisoner's protected conduct,
16 and that such action (4) chilled the prisoner's exercise of his
17 First Amendment rights, and (5) the action did not reasonably
18 advance a legitimate correctional goal."  Rhodes v. Robinson, 408
19 F.3d 559, 567 (9th Cir. 2005) (citations omitted).

20     Defendants present evidence that when they found plaintiff
21 ineligible for family visits, they did so solely to preserve
22 institutional security by preventing plaintiff from having an
23 opportunity to introduce drugs into Solano.  Plaintiff offers
24 nothing to controvert this evidence.

25     Defendants are entitled to summary judgment on plaintiff's
26 Eighth and Fourteenth Amendment claims as well.  It is well-

1 settled that prisoners have no constitutional right to contact
2 visits while incarcerated.  See Kentucky Dep't of Corrections v.
3 Thompson, 490 U.S. 454 (1989) (no due process right to unfettered
4 visitation); Block v. Rutherford, 468 U.S. 576 (1984) (pretrial
5 detainees have no constitutional due process right to contact
6 visits); Gerber, 291 F.3d 617 (inmates have no due process right
7 to procreate through artificial insemination); Toussaint v.
8 McCarthy, 801 F.2d 1080 (9th Cir. 1986) (denial of contact visits
9 does not violate Eighth Amendment); Cooper v. Garcia, 55 F. Supp.
10 2d 1090 (S.D. Cal. 1999) (plaintiff did not state claim for
11 procedural due process violation because inmates do not have
12 liberty interest in state family visitation program within the
13 meaning of Sandin v. Conner, 515 U.S. 472 (1995)); see also Davis
14 v. Carlson, 837 F.2d 1318 (5th Cir. 1988); Hernandez v. Coughlin,
15 18 F.3d 133, 137 (2d Cir. 1994).

16     To meet the threshold for his due process claim, plaintiff
17 must show defendants subjected him to a restraint imposing an
18 "atypical and significant hardship . . . in relation to the
19 ordinary incidents of prison life."  Sandin v. Connor, 515 U.S.
20 472, 483-84 (1995).  Plaintiff offers nothing to show, or even
21 suggest, that conditions in administrative segregation during his
22 disciplinary term differed significantly from those of ordinary
23 prison life.

24     Defendants also are entitled to summary judgment on
25 plaintiff's Ex Post Facto claim.  The Ex Post Facto Clause
26 applies to criminal penalties, not administrative regulations.

1  It prohibits making an act criminal which was not criminal at the
2  time done, increasing the penalty for a criminal act after the
3  act was done, or altering rules of evidence to disadvantage the
4  criminal offender.  <u>Weaver v. Graham</u>, 450 U.S. 24, 28-29 (1980);
5  <u>Cummings v. State of Missouri</u>, 71 U.S. 277, 325-26 (1866).  This
6  case does not involve criminal penalties.

7      Accordingly, the court hereby recommends the January 3,
8  2005, motion for summary judgment of defendants Rothchild,
9  Robinson, Hubbard, Page, Newland, Butler, Jensen and Melching be
10 granted.

11     Pursuant to the provisions of 28 U.S.C. § 636(b)(l), these
12 findings and recommendations are submitted to the United States
13 District Judge assigned to this case.  Written objections may be
14 filed within 20 days of service of these findings and
15 recommendations.  The document should be captioned "Objections to
16 Magistrate Judge's Findings and Recommendations."  The district
17 judge may accept, reject, or modify these findings and
18 recommendations in whole or in part.

19     Dated:  July 12, 2005.

             /s/ Peter A. Nowinski
             PETER A. NOWINSKI
             Magistrate Judge